UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VERONICA LIVIER GUTIERREZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. ED CV 08-770-PLA <br><br> **MEMORANDUM DECISION AND ORDER** |

**I.**

**SUMMARY OF PROCEEDINGS**

Petitioner was sentenced to 41 months in federal custody on March 2, 2007, for importation of cocaine and aiding and abetting (21 U.S.C. §§ 952, 960; 18 U.S.C. § 2), as well as bulk cash smuggling and aiding and abetting (31 U.S.C. § 5332(a); 18 U.S.C. § 2). (See Petition at 3; Judgment in Case No. CR 06-2151-JAH-01, United States District Court for the Southern District of California, entered March 2, 2007). Her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") was filed on June 9, 2008, in which she challenges the calculation of her release date as set by the Federal Bureau of Prisons ("BOP").

/

/

On July 1, 2008, the parties waived their right to proceed before a United States District Judge, and consented to have the undersigned Magistrate Judge conduct all further proceedings in this matter.

Respondent filed a Motion to Dismiss the Petition on July 10, 2008. On September 25, 2008, petitioner filed a Reply. This matter has been taken under submission, and is now ready for decision.

## II.

## STATEMENT OF FACTS

On March 2, 2007, petitioner received a sentence of 41 months in prison. (Petition at 3). The BOP calculated petitioner's projected release date, presuming she earned all available "good conduct time," as August 26, 2009. (Motion to Dismiss at 1; Declaration of Jeff Vize, attached to Motion to Dismiss ("Vize Decl."), at ¶ 4).

## III.

## PETITIONER'S CONTENTION

The BOP has incorrectly calculated petitioner's "good conduct time" ("GCT") credits and release date in violation of 18 U.S.C. § 3624(b). (Petition at 4; Reply at 2-6).

## IV.

## DISCUSSION

In order to obtain habeas relief, petitioner must show that her custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Because petitioner challenges the legality of her custody based on a dispute over the calculation of her release date by the BOP (rather than challenging her sentence as imposed by the court), her claim is properly brought in a petition under 28 U.S.C. § 2241 in the district of confinement. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (application of an incarceration credit to shorten a federal

sentence pertains to the manner in which a sentence is executed, "an action maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").

### A.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Ninth Circuit "'require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.'" Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (prisoners in federal custody are generally required to exhaust administrative remedies before filing a habeas petition). The exhaustion requirement "aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum." See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies also "conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level," and "allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Id. Exhaustion, however, is not jurisdictional (Tucker, 925 F.2d at 332), and may be waived if pursuit of the administrative remedy at issue would be futile. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam).

The BOP has established administrative procedures for inmates to follow when challenging aspects of their imprisonment. See 28 C.F.R. §§ 542.10-542.19; see also Nigro v. Sullivan, 40 F.3d 990, 992 (9th Cir. 1994) (explaining BOP's administrative procedures). In order to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) an attempt at informal resolution; (2) a formal written request to the Warden for an administrative remedy; (3) an appeal to the Regional Director of the region where the inmate is confined; and (4) an appeal to the General Counsel. See 28 C.F.R. §§ 542.13-542.15. The appeal to the General Counsel completes the administrative remedy process. See 28 C.F.R. § 542.15(a).

Petitioner indicates in the Petition that she has not filed a request for administrative remedies with the BOP concerning her claim that her GCT credits were improperly computed

under 18 U.S.C. § 3624(b)(1). (<u>See</u> Petition at 7). Respondent argues that the Petition should be dismissed because petitioner failed to exhaust her administrative remedies. (Motion to Dismiss at 3; <u>see also</u> Vize Decl. at ¶¶ 7-8). In her Reply, petitioner does not address respondent's argument that the Petition should be dismissed because she failed to exhaust her administrative remedies. Rather, she merely reiterates her contention in the Petition that 18 U.S.C. § 3624(b)(1) requires that she receive 54 days of GCT credits for every 366 days of her imposed sentence. (Reply at 2-6).

When an inmate seeks administrative review of a BOP action done pursuant to an official policy, such review is likely to be denied. <u>See</u>, <u>e.g.</u>, <u>Fraley</u>, 1 F.3d at 925. In that instance, the exhaustion requirement may be waived based on the futility exception. <u>Id.</u> Because, as set forth below, the BOP interprets 18 U.S.C. § 3624(b) as a matter of official policy as requiring the calculation of only 47 days of GCT credits for every 366 days of a sentenced term of imprisonment, the Court concludes that exhaustion of petitioner's administrative remedies in this case would have been futile. Accordingly, the Court addresses the Petition on the merits.

**B.    CALCULATION OF GCT CREDITS**

Petitioner challenges the manner by which the BOP calculates GCT credits under 18 U.S.C. § 3624(b)(1), which provides as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. ... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

<u>See</u> 18 U.S.C. § 3624(b)(1).

Petitioner argues that the BOP has incorrectly interpreted the phrase "term of imprisonment" to mean *time actually served*, as opposed to *sentence imposed*, and that this error has led to a violation of her federal constitutional rights. (Petition at 7-19). Specifically, petitioner argues that 1) the "plain language of the statute compels" a deduction of 54 days (rather than 47

1  days) for every 366 days of an imposed sentence (Petition at 8); the legislative history of section
2  3624 supports such a deduction (Petition at 11-14); and if the meaning of "the term of
3  imprisonment" under section 3624 is ambiguous, the rule of lenity[1] requires that petitioner be given
4  54 days of GCT credits for every 366 days of her sentence.  (Petition at 14-18).

5  According to an "admittedly 'complicated' mathematical formula," the BOP computes 54
6  days of GCT credits when an inmate has **served** 365 days of incarceration.  Tablada v. Thomas,
7  533 F.3d 800, 803-04 (9th Cir. 2008), cert. denied, 130 S.Ct. 3408 (2010) (citations omitted).
8  "During the last year of incarceration, the BOP prorates the good time credits, awarding the
9  prisoner 0.148 days credit [54/365 = 0.148] for every day actually served that year."  Id. at 804
10 (citing Pacheco-Camacho v. Hood, 272 F.3d 1266, 1267-68 (9th Cir. 2001), cert. denied, 535 U.S.
11 1105 (2002)).  See White v. Scibana, 390 F.3d 997, 999-1000 (7th Cir. 2004) (explaining the
12 BOP's calculation method).  Pursuant to this formula, if an inmate were sentenced to a year and
13 a day, he or she would be awarded 47 days credit and a release after 319 days actually served
14 in prison (i.e., 319 x .148 = 47.2; 47 + 319 = 366).  See White, 390 F.3d at 1000, n.1.

15 The Supreme Court recently upheld the BOP's method of calculating GCT credits under
16 section 18 U.S.C. § 3624(b)(1), and in doing so, rejected the precise habeas claim and assertions
17 raised by petitioner here.  See Barber v. Thomas, __ U.S. __, 130 S.Ct. 2499, 177 L.Ed.2d 1
18 (2010).  In Barber, the Supreme Court determined that the BOP's calculation of GCT credits based
19 on the time a prisoner actually serves, rather than the time he or she is sentenced, is consistent
20 with the language of 18 U.S.C. § 3624(b)(1) "that a prisoner (serving a sentence of imprisonment
21 of more than a year and less than life) 'may receive credit ... of up to 54 days *at the end of each*

---

[1] The rule of lenity only applies when there is a statutory ambiguity.  See Albernaz v. United States, 450 U.S. 333, 342-43, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Moskal v. United States, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) (the rule of lenity is "reserved ... for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to 'the language and structure, legislative history, and motivating policies' of the statute") (quoting Bifulco v. United States, 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980)).  Under the rule of lenity, courts will not interpret criminal statutes so that an individual's penalty is increased, "when such an interpretation can be based on no more than a guess as to what Congress intended."  Albernaz, 450 U.S. at 342-43 (citation omitted); Liparota v. United States, 471 U.S. 419, 427, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) (when an ambiguity as to scope of a statute exists, it "should be resolved in favor of lenity").

*year*' subject to the 'determination by the Bureau of Prisons that, *during that year*, the prisoner' has behaved in an exemplary fashion[,] ... [and] that credit for the 'last year or portion of a year ... shall be prorated and credited within the last six weeks of the sentence.'" Barber, 130 S.Ct. at 2504 (quoting 18 U.S.C. § 3624(b)) (emphasis in original). Specifically, the Court noted that in accordance with the statute's language and purpose, the BOP awards GCT credits "*at the end of each year of imprisonment*[,] except ... [for the last year of incarceration], which is subject to the statute's special instruction requiring proration and crediting during the last six weeks of the sentence." Id. The Barber Court also expressly rejected the same contention raised by petitioner -- that a federal inmate should be awarded "up to 54 days per year of time *sentenced* as opposed to time *served*" -- because such a system would result in an unjust "award [of] good time credit not only for the days a prisoner spends in prison and behaves appropriately, but also for days that [s]he will not spend in prison at all." Id. at 2505 (emphasis in original). Also contrary to petitioner's contentions, the Supreme Court determined in Barber that the BOP's application of section 3624 was consistent with the legislative history of that section (see id. at 2505, 2507-08), and that the rule of lenity did not apply because section 3624 does not present a "grievous ambiguity or uncertainty in the statute." Id. at 2509.

Because Barber is controlling, and petitioner fails to distinguish her present claim from the arguments addressed and rejected by the Supreme Court in Barber, petitioner has failed to demonstrate that her constitutional rights were violated by the BOP's computation of her GCT credits. Accordingly, habeas relief is not warranted.[2]

/

/

---

[2] Even before the Supreme Court's decision in Barber, Ninth Circuit precedent required the same result. Specifically, the Ninth Circuit in Pacheco-Camacho held that the BOP's interpretation of 18 U.S.C. § 3624 was reasonable and entitled to deference by the courts. Id., 272 F.3d at 1270-72. The Ninth Circuit expressly affirmed the Pacheco-Camacho decision in Mujahid v. Daniels, 413 F.3d 991, 997-98 (9th Cir. 2005), cert. denied, 547 U.S. 1149 (2006), and in Tablada, 533 F.3d at 805-09. Other circuits faced with this same issue have agreed with the reasoning set forth in Pacheco-Camacho. See, e.g., O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); White, 390 F.3d at 1002-03.

## V.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Judgment is entered denying and dismissing the Petition with prejudice.

DATED: August 31, 2010

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE